UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JENNA B. LEBRON, PERSONALLY AND AS PERSONAL REPRESENTATIVE OF THE DECEASED, ARTURO I. LEBRON, AS TUTRIX OF THE MINORS, L.R. LEBRON AND L.A. LEBRON, AND THE MAJORS, ALFREDO O.LEBRON AND LUISA J. LEBRON | * | CIVIL ACTION NO. 6:12-CV-01901 |
| | * | JUDGE RICHARD T. HAIK |
| VERSUS | | |
| ENSCO OFFSHORE COMPANY AND ENERGY XXI GOM, LLC | | |
| | * | MAGISTRATE JUDGE PATRICK HANNAN |

**************************************************************************

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF DAMAGES NOT RECOVERABLE UNDER DOHSA**

Defendants Ensco Offshore Company and Energy XXI GOM, LLC file this Memorandum in Support of its Motion in Limine to Exclude Evidence of Damages Not Recoverable Under DOHSA and would respectfully show the Court as follows:

## SUMMARY

Plaintiffs seek recovery of pecuniary and non-pecuniary damages under the Death on the High Seas Act ("DOHSA"). DOHSA, however, limits recovery to provable pecuniary injury except where the commercial aviation accident exception applies. This exception does not apply to this case because Lebron was not transporting either passengers or cargo for hire. Therefore, because Plaintiffs' non-pecuniary damages are not recoverable under DOHSA, they are not relevant and all supporting evidence should be excluded under Federal Rules of Evidence 401 and 402.

## RELEVANT FACTUAL BACKGROUND

This case arises out of the crash of a helicopter, piloted by Arturo Lebron during an attempted landing on a fixed drilling platform in the Gulf of Mexico. At the time of the crash, Lebron was engaged in a repositioning flight and had no passengers or cargo on his helicopter.

## ARGUMENT AND AUTHORITIES

### A. The DOHSA commercial aviation accident exception does not apply and Plaintiffs cannot recover non-pecuniary damages.

DOHSA provides a cause of action for the spouse, parent, child or dependent relative of an individual whose death was caused by a wrongful act on the high seas. 46 U.S.C. § 30302. DOHSA explicitly limits recovery to pecuniary losses sustained by the individuals bringing the action. 46 U.S.C. § 30303.

After a series of catastrophic commercial airline crashes in the high seas, particularly TWA Flight 800 in 1996, Congress amended DOHSA to include an exception to the pecuniary limitation on damages.[1] This change, enacted in 2000 and formerly codified in 2006 at 46 U.S.C. § 30307, provides that for any DOHSA action for a death resulting "from a commercial aviation accident occurring on the high seas beyond 12 nautical miles from the shore of the United States,

---

[1] *See e.g.*, 145 CONG. REC. E137 (daily ed. Feb. 4, 1999) (statement by Rep. Sherwood) ("I introduced this measure which will negate the application of the Death on the High Seas Act to air disaster cases."); 145 CONG. REC. H898 (daily ed. Mar. 3, 1999) (statement by Rep. Hall) (recognizing that bill was proposed in response to TWA Flight 800); *see also* 145 CONG. REC. H898 (daily ed. Mar. 3, 1999) (statement by Rep. Hastings); 145 CONG. REC. S14,746 (daily ed. Nov. 17, 1999) (statement by Sen. McCain); 145 CONG. REC. S15,078 (daily ed. Nov. 19, 1999) (statement by Sen. Specter); 145 CONG. REC. H900 (daily ed. Mar. 3, 1999) (statement by Rep. Shuster); 145 CONG. REC. H900 (daily ed. Mar. 3, 1999) (statement by Rep. Lipinski; 145 CONG. REC. 900-01 (daily ed. Mar. 3, 1999) (statement by Rep. Duncan); 145 CONG. REC. H 901-02 (daily ed. Mar. 3, 1999) (statement by Rep. Sherwood); 145 CONG. REC. H902 (daily ed. Mar. 3, 1999) (statement by Rep. Forbes); 146 CONG. REC. H1,009 (daily ed. Mar. 15, 2000) (statement by Rep. Sherwood); 146 CONG. REC. H1015 (daily ed. Mar. 15, 2000) (statement by Rep. Duncan); 146 CONG. REC. H1022-23 (daily ed. Mar. 15, 2000) (statement by Rep. Larson).

additional compensation is recoverable for non-pecuniary damages." Plaintiffs are not entitled to invoke this exception because the crash at issue was not a commercial aviation accident.[2]

### i.    DOHSA's commercial aviation accident exception has never been applied when the aircraft was not transporting passengers or cargo.

Congress did not define commercial aviation accident, yet the three cases resolving issues of its applicability show that a "commercial aviation accident" can only occur while transporting passengers or cargo. *Gund v. Pilatus Aircraft, Ltd.*, C07-4902 TEH, 2010 WL 887376, at *5 (N.D. Cal. Mar. 11, 2010); *Eberli v. Cirrus Design Corp.*, 615 F.Supp.2d 1369, 1373 (2009); *Brown v. Eurocopter S.A.*, 111 F.Supp.2d 859 (2000).

In the two cases where the exception was found to be applicable, the accident occurred while transporting passengers for hire. In *Brown*, the crash occurred while transporting two passengers as part of an on-demand taxiing service in the Gulf of Mexico. 111 F.Supp.2d at 859, 863-64. In *Gund*, an aircraft crashed while transporting five passengers as part of a for-hire aerial sightseeing excursion in Costa Rica. 2010 WL 887376, at *1. Indeed, the *Gund* Court explicitly found that "[b]ecause the passengers paid for the flight…the crash at issue…constituted a "commercial aviation accident" under DOHSA." *Gund*, 2010 WL 887376, at *6.

Likewise, in **_rejecting_** the application of the commercial aviation accident exception[3], the *Eberli* court found that the flight was not commercial because at the time, the pilot was not a

---

[2] There is no dispute that the crash occurred beyond 12 nautical miles from the shore of the United States.

[3] The *Eberli* court raised the issue of whether the commercial aviation accident exception should apply to accidents other than airline disasters such as TWA Flight 800. The court found "that Congress wanted the statute to apply only in cases involving the types of aviation disasters, such as the crash of TWA Flight 800, that motivated Congress to enact section 30307." *Eberli*, 615 F. Supp. at 1374. However, because the Court did not need to address this issue to resolve the matter before it since the flight in question—as the flight here—did not meet the fundamental "commercial" requirement of transporting passengers or cargo. Accordingly, this question remains unanswered, however *Eberli*'s interpretation is supported by the congressional record

commercial operator because he was not "engage[d] in the carriage by aircraft in air commerce of persons or property for compensation or hire." *Eberli*, 615 F. Supp. at 1373 (citing 14 C.F.R. § 1.1). In *Eberli*, the accident occurred during a ferrying operation of the aircraft to its recent purchaser. *Id*. The idea that the pilot or the helicopter themselves can be considered passengers or cargo has been rejected. *See Eberli*, 615 F. Supp. 2d at 1373 (finding that subject aircraft cannot be considered transported property even where purpose of flight was to bring aircraft to its purchaser); 14 C.F.R. § 135.113 (distinguishing between passengers and pilots for Part 135 flights).

A review of the relevant statutes and regulations, which all three courts relied on to support their conclusions, confirms that commercial aviation is, at a minimum, the transportation of passengers and cargo by air. While the regulations define "air commerce" in broad terms,[4] commercial aviation activities have been more limitedly defined. A "commercial operator", for example is defined as "a person who, *for compensation or hire, engages in the carriage by aircraft in air commerce of persons or property*...." 14 C.F.R. § 1.1 (emphasis added). The Transportation Code also defines "commercial purposes" as "the transportation of persons or property for compensation or hire". 49 U.S.C. § 40125(a)(1). Other regulations support such a reading. For example, the Department of the Navy defines "commercial aviation" as

_____

which overwhelmingly reflects Congress's intent to allow for non-pecuniary damages only for the families of airline disaster victims. *See* Footnote 1, *supra*. Moreover, because this exception was enacted in response to the Supreme Court's ruling that DOHSA applied to victims of Korean Airlines Flight 700, the statute should be construed in light of that impetus. *See McDermott Internn., Inc. v. Wilander*, 498 U.S. 337, 342; *In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on September 2, 1998*, 210 F. Supp. 2d 570, 574 (E.D. Pa. 2002); *see also Zicherman v. Korean Air Lines Co.*, 516 U.S. 217 (1996) (holding that DOHSA applied to commercial aviation disaster).

[4] "Air commerce means interstate, overseas, or foreign air commerce or the transportation of mail by aircraft or any operation or navigation of aircraft within the limits of any Federal airway or any operation or navigation of aircraft which directly affects, or which may endanger safety in, interstate, overseas, or foreign air commerce." 14 C.F.R. § 1.1.

"transportation by aircraft of passengers or cargo for hire..." 32 C.F.R. § 766.2(c)(1).[5] This definition is echoed in the Air Commerce Regulations, which define "commercial aircraft" as "any aircraft transporting passengers and/or cargo for some payment or other consideration, including money or services rendered." 19 C.F.R. § 122.1(d). From these definitions, it follows that a commercial operation, or commercial aviation, requires that the aircraft be engaged in the carriage of persons or property for compensation or hire.

The distinguishing factor between a commercial and non-commercial aviation accident is whether the accident occurred while transporting passengers or cargo for hire; therefore, Plaintiffs cannot invoke the exception because at the time of the crash Lebron was not transporting either passengers or cargo. He was thus not engaged in a commercial flight. *Gund*, 2010 WL 887376, at *5 ("[A] flight's 'commercial' character hinges on profit or compensation….a flight that carries passengers for compensation is commercial."). Because the accident flight was not a commercial aviation accident Plaintiffs' damages are limited to pecuniary losses.

      ii.    **The Court should exclude Plaintiffs' evidence of non-pecuniary damages because they cannot be recovered under DOHSA.**

Under DOHSA, Plaintiffs' pecuniary damages are limited to loss of support for Jenna Lebron and the minor children and the loss of nurture and guidance to the minor children.[6] *Martinez v. Puerto Rico Marine Mgmt., Inc.*, 755 F. Supp. 1001, 1007 (S.D. Ala. 1990); *Higginbotham v. Mobil Oil Corp.*, 360 F. Supp. 1140, 1150 (W.D. La. 1973) (recovery for loss of nurture and guidance only available to minor children). The Court should therefore exclude

---

[5] This definition operates in conjunction with "General aviation" which includes "all types of civil aviation other than commercial aviation as defined above." 32 C.F.R. § 766.2(c)(2).

[6] Although Luisa and Alfredo Lebron pleaded damages for loss of support, their deposition testimony revealed that they were not financially dependent on and suffered no pecuniary injury. Alfedo Lebron Depo. 13:2-6.

any evidence of non-pecuniary injuries alleged by Plaintiffs such as loss of love and affection, care, comfort, companionship, for mental anguish, grief and suffering, and the claims for loss of guidance brought by Lebron's spouse and parents. FED. R. EVID. 401, 402.

### B. Plaintiffs' request for certain classes of non-pecuniary damages is not authorized by statute.

If the Court does conclude that the commercial aviation accident exception applies, non-pecuniary damages are nonetheless strictly limited under the statute to "loss of care, comfort, and companionship." 46 U.S.C. § 30307(a). Despite this limitation, Plaintiffs seek recovery for non-pecuniary loss of love, affection, and guidance (as to the spouse and parents), as well as damages for mental anguish, grief and suffering. By the express terms of the statute, Plaintiffs are precluded from seeking these damages and the Court should exclude any evidence related to these categories.

The only court to determine what categories of loss are encompassed within care, comfort and companionship turned to the damages recoverable as "loss of society" in maritime wrongful death actions. *In re Air Crash Near Nantucket Island, Massachusetts, on October 31, 1999*, 307 F. Supp. 2d 465, 468 (E.D.N.Y. 2004). Loss of society damages, however, are arguably greater than those contemplated by Congress's definition of non-pecuniary damages recoverable under the DOHSA exception. Loss of society includes love, affection, care, attention, companionship, comfort and protection. *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 585 (1974). But as the three categories recoverable under the statute are contained within the *Gaudet* list, there is simply no reason to expand recovery to "loss of society"; had Congress intended such a result it could have defined non-pecuniary damages as loss of society or expanded the recoverable categories.

Where the Supreme Court's ruling in *Gaudet* is instructive, however, is in clarifying that mental anguish, grief and suffering are not recoverable as loss of care, comfort and companionship. *Gaudet*, 414 US 585, n. 17 ("Loss of society must not be confused with mental anguish or grief, which is not compensable under the maritime wrongful-death remedy. The former entails the loss of positive benefits, while the latter represents an emotional response to the wrongful death."). If these damages are not recoverable as part of the wider "loss of society" it necessarily follows that they cannot be recoverable as part of loss of care, comfort and companionship.

Because only loss of care, comfort and companionship are recoverable, the Court should exclude all evidence and testimony regarding damages for loss of love, affection, and guidance (as to the spouse and parents) and mental anguish, grief or suffering damages allegedly suffered by Plaintiffs as not relevant. FED. R. EVID. 401, 402.

## CONCLUSION

For the reasons explained above, Defendants Ensco Offshore Company and Energy XXI GOM, LLC respectfully request that the Court grant its Motion and exclude all testimony and evidence offered to prove Plaintiffs' non-recoverable damages.

Dated: March 18, 2014

Respectfully submitted,

/s/ *Ross Cunningham*
M. Ross Cunningham (Texas Bar No. 24007062)
Bryan P. Rose (Texas Bar No. 24044704)
ROSE WALKER, LLP
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
214.752.8600 – Telephone
214.752.8700 – Facsimile
rcunningham@rosewalker.com
brose@rosewalker.com

*/s/ Randall Theunissen*
Randall K. Theunissen (Louisiana Bar No. 12727)
ALLEN & GOOCH, A LAW CORPORATION
2000 Kaliste Saloom Road, Suite 400
P.O. Box 81129
Lafayette, LA 70598-1129
337.291.1240 – Telephone
337.291.1245 – Facsimile
randytheunissen@allengooch.com

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was electronically served on all counsel of record on March 18, 2014, in accordance with the Federal Rules of Civil Procedure.

*/s/ Bryan P. Rose*
Bryan Rose