UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JENNA B. LEBRON, PERSONALLY AND AS PERSONAL REPRESENTATIVE OF THE DECEASED, ARTURO I. LEBRON, AS TUTRIX OF THE MINORS, L.R. LEBRON AND L.A. LEBRON, AND THE MAJORS, ALFREDO O.LEBRON AND LUISA J. LEBRON | * | CIVIL ACTION NO. 6:12-CV-01901 |
| | * | JUDGE RICHARD T. HAIK |
| VERSUS | | |
| ENSCO OFFSHORE COMPANY AND ENERGY XXI GOM, LLC | | |
| | * | MAGISTRATE JUDGE PATRICK HANNA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY AND MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE, MOTION TO DISMISS FOR LACK OF JURISDICTION AND MOTION TO DETERMINE INAPPLICABILITY OF THE "PENNSYLVANIA RULE"**

MAY IT PLEASE THE COURT:

Defendants file this Reply and Memorandum in Support of Defendants' Motions in Limine, Motion to Dismiss for Lack of Jurisdiction and Motion to Determine Inapplicability of the "Pennsylvania Rule" and would respectfully show the Court as follows:

**SUMMARY**

Plaintiffs, in their consolidated response to Defendants' Motions in Limine, Motion to Dismiss and Motion to Determine Inapplicability of the "Pennsylvania Rule", are unable to articulate any reason for the Court to deny these motions. Plaintiffs have not shown that the helicopter flight in question meets the requirements to be "commercial" under DOHSA or that they are entitled to an expanded range of non-pecuniary damages under that statute. Plaintiffs ask the Court to ignore the Federal Rules of Evidence to permit them to introduce evidence of

subsequent remedial measures without any supportable basis. And Plaintiffs have not identified any duty imposed by statute or regulation violated by a vessel that would enable them to invoke the *Pennsylvania* Rule. The Court should therefore grant all of Defendants' motions.

## ARGUMENTS AND AUTHORITIES

### A. Defendants' Motions in Limine are Timely

Plaintiffs have argued that Defendants' Motions in Limine are untimely but have been unable to cite to any operative Rule or Order setting a deadline for filing motions in limine. To the extent that Plaintiffs rely on a previously issued scheduling order setting the deadline to file motions in limine 28 days in advance of the Pretrial Conference, such argument is misplaced. On January 10, 2014, the Court executed a new scheduling order which omitted both the deadline to file motions in limine and the Pretrial Conference on which such deadline was based. (Document 75). This new scheduling order, which did not preserve other non-listed deadlines, supersedes. As such, there was no deadline to file motions in limine, and Defendants' motions in limine are timely.[1]

### B. The Commercial Aviation Accident Exception to DOHSA Does Not Apply; the Court Should Grant Defendants' Motion in Limine and Motion to Dismiss for Lack of Jurisdiction

The Commercial Aviation Accident exception to DOHSA only applies to "commercial" accidents. 46 U.S.C. § 30307. All relevant statutes and regulations define "commercial aviation" to include two components: (1) the transportation of goods and passengers (2) for hire/payment/consideration. *See e.g.* 49 U.S.C. § 40125(a)(1); 14 C.F.R. § 1.1; 32 C.F.R. §

---

[1] Even if Defendants' Motions in Limine were untimely it would be irrelevant. As Plaintiffs admit, the substance of Defendants' Motion in Limine on the Commercial Aviation Accident exception is properly raised in their motion to dismiss for lack of jurisdiction. Moreover, Rule 407 precludes the admission of evidence showing subsequent remedial measures unless the Plaintiffs can demonstrate the applicability of one of the exceptions, Defendants' objection to Plaintiffs' intent to offer such inadmissible evidence is proper at all times—a motion in limine is not needed to seek its exclusion at trial.

REPLY AND MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTIONS IN LIMINE, MOTION TO DISMISS AND MOTION TO
DETERMINE INAPPLICABILITY OF THE "PENNSYLVANIA RULE"     Page 2

766.2(c)(1). Plaintiffs would have the Court ignore the first component despite clear precedent requiring both. *Eberli v. Cirrus Design Corp.*, 615 F.Supp.2d 1369, 1373 (2009) (finding pilot was not a commercial operator because he was not "engage[d] in the carriage by aircraft in air commerce of persons or property for compensation or hire."); *Gund v. Pilatus Aircraft, Ltd.*, C07-4902 TEH, 2010 WL 887376, at *9 (N.D. Cal. Mar. 11, 2010) (finding exception applied "[b]ecause the *passengers* paid for the flight…the crash at issue…constituted a 'commercial aviation accident' under DOHSA") (emphasis added); *Brown v. Eurocopter S.A.*, 111 F. Supp. 2d 859 (2000) (finding exception applied to death of *passengers* during on-demand taxiing).

In order to invoke the Commercial Aviation Accident exception, Plaintiffs rely exclusively on the facts that Lebron was a commercially licensed pilot and claim that the flight was governed by commercial aviation regulations. But this position lacks any substantive basis and is incorrect: in no statute or regulation is commercial aviation defined by the license held by the pilot[2] or the rules governing the flight.[3] In *Brown,* the Court considered Part 135 of the Federal Air Regulations and determined that "[a] Part 135 on-demand air taxi service is plainly a 'commercial operation' as that term is used throughout the FAR" it also recognized that an "on-demand operation" must be conducted "for compensation or hire that is…[a] passenger carrying operation…." *Brown*, 111 F. Supp. 2d at 863-64. And, the accident flight was governed by Part 91 because the pilot was not engaged in a passenger or cargo carrying operation. This distinction was recognized by the *Eberli* court in distinguishing the case: "unlike the subject aircraft in the case at hand, the helicopter in *Brown* was being used for commercial purposes at the time of its

---

[2] To the contrary, commercial operator is defined by the carriage of cargo and passengers. 14 C.F.R. § 1.1 (defining commercial operator as "a person who, *for compensation or hire, engages in the carriage by aircraft in air commerce of persons or property*....") (emphasis added).

[3] The Rules governing the requirements to conduct air operations with a certificate under Part, 121, Part 125, or Part 135 only apply when operators are engaged in passenger-carrying operations, cargo operations or both. 14 C.F.R. §§ 119.21, 119.23, 119.25.

crash, *for it was transporting persons for compensation or hire*." *Eberli*, 615 F. Supp. 2d at 1373 (emphasis added).

Accordingly, Plaintiffs have failed to show that the flight meets either of the two elements of "commercial" — transport of passengers or cargo for hire/compensation — thus DOHSA' Commercial Aviation Accident exception cannot apply. The Court should grant Defendants' Motion in Limine and their Motion to Dismiss for Lack of Jurisdiction.

### C. Recoverable Damages Under DOHSA are Not "Loss of Society" Damages

Even if the exception did apply—which it does not—Plaintiffs have not shown that the recoverable non-pecuniary damages are "loss of society" damages or that they can be "equated to loss of society." This distinct category of damages has been recognized in maritime law for decades, yet the statute codifying the commercial aviation exception does not provide for it. *Compare* 46 U.S.C. § 30307(a) (limiting recoverable damages to loss of care, comfort and companionship) with *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 585 (1974) (determining that loss of society includes love, affection, care, attention, companionship, comfort and protection). Plaintiffs have provided no authority for expanding statutory damages to loss of society. Moreover, Plaintiffs concede that under this limited exception to DOHSA, damages for mental anguish, grief and suffering are not recoverable. Therefore, the Court should exclude all evidence of such legally irrelevant damages.

### D. Evidence of Subsequent Remedial Measures is Explicitly Precluded by the Rules of Evidence

Federal Rule of Evidence 407 prohibits the admissibility of subsequent measures "that would have made an earlier injury or harm less likely to occur" to prove "negligence, culpable conduct…or a need for a warning or instruction." FED. R. EVID. 407. Despite Plaintiffs' unsupported assertions to the contrary, feasibility is not contested. Moreover, feasibility only

refers to whether the measure *could* be made, certainly not whether it *should* be made. *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1011 (5th Cir. 1989) (holding that prohibition on evidence of subsequent remedial measures also applies to attempts to disprove "non-negligence"). Plaintiffs' suggested use of the limited exception to Rule 407 flies in the face of Fifth Circuit precedent that prohibits using the exceptions as a backdoor to circumvent the general rule. *Reddin v. Robinson Prop. Group Ltd. P'ship*, 239 F.3d 756, 759-60 (5th Cir. 2001); *see also Cuomo v. Clearing House Ass'n, L.L. C.,* 557 U.S. 519, 530 (2009) (avoiding interpreting an exception in a manner that "would swallow the rule").

If a legitimate reason to invoke an exception arises at trial, it might be appropriate to reconsider the issue under the specific circumstances; however, there is simply no reason to permit Plaintiffs to introduce evidence of subsequent remedial measures based on a vague and self-serving assertion that feasibility is contested and that Defendants' employees *might* agree that these actions could have or should have been taken before the accident. Unless and until such an event justifying the application of one of the limited Rule 407 exception arises during the trial, the Court should exclude any evidence of subsequent remedial measures.

## E. Plaintiffs Have Not Identified a Statute or Regulation Which Would Implicate the "*Pennsylvania* Rule"

Plaintiffs are still unable to identify any mandatory statute or regulation that would justify the application of the *Pennsylvania* Rule.[4] *Tokio Marine & Fire Ins. Co., Ltd. v. FLORA MV*, 235 F.3d 963, 967 (5th Cir. 2001) ("The *Pennsylvania* rule applies in cases in which a 'precise and clearly defined duty' is mandated by the relevant statute, not when the statute 'calls for the use of interpretation and judgment.'"). Neither 30 C.F.R. § 250.103, which authorizes BSEE to

---

[4] Plaintiffs also claim that negligence per se applies. However, Plaintiffs have not pleaded negligence per se, and *Kernan v. American Dredging Co.*, 355 U.S. 426 (1958) is entirely inapplicable to this case.

issue notices to lessees on the outer-continental shelf, nor 30 C.F.R. § 250.1900 impose "precise and clearly defined dut[ies]." *Id*.

Plaintiffs cite to NTL No. 2011-N-08 to support its claim that Energy XXI was required to place a large X on its helipad. But NTL No. 2011-N-08 states at its outset: "This Notice to Lessees and Operators (NTL) *offers guidance* on the *recommended* safety practice of visual signaling and notification of a temporary helideck closure." This language precludes any interpretation of the NTL to create a "precise and clearly defined duty". Furthermore, NTLs are issued "to clarify, supplement, or provide more detail about certain requirements." 30 C.F.R. § 250.103. By their very nature, they indicate that the relevant regulations require interpretation and judgment and thus cannot be the subject of *Pennsylvania* Rule burden-shifting. *Tokio Marine*, 235 F.3d at 967.

Likewise, 30 C.F.R. § 250.1900 imposes no precise and clearly defined duties. The "management of change" system referenced by Plaintiffs can be found at 30 C.F.R. § 250.1912 (referenced in 30 C.F.R. § 250.1900 by incorporation of 30 C.F.R. § 250.1902). The "duty" imposed by this section requires the development and implementation of "a written management of change procedures for modifications associated with…(1) equipment, (2) operating procedures, (3) personnel changes (including contractors), (4) materials, and (5) operating conditions." Nothing in this section imposes a duty to put an X on a helipad. The only duty identified is to have written management of change procedures, but without any requirements as to contents; Defendants' compliance with this regulation is irrelevant as are Plaintiffs' citation to amorphous "industry recommended practices."

Moreover, Defendants concede that the applicability of the *Pennsylvania* Rule is contingent upon a violation involving and governing a vessel. Based on this dispositive factor,

Plaintiffs attempt to mislead the Court by noting that Ensco 99 is a vessel, yet neglect to point out that the "regulations" they have cited to support the application of the *Pennsylvania* Rule would not apply to Ensco 99, but to the fixed platform on which Lebron attempted to land. *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 351–52 (5th Cir. 1999) (fixed platforms are not vessels but "artificial islands"). Indeed, the Ensco 99 helipad was clear and there was no obligation that it be marked in any capacity. If any statutory duty arose from the regulations and their interpretations cited by Plaintiffs, it would have attached to the fixed platform, which is not a vessel. Accordingly, the *Pennsylvania* Rule cannot apply.

## CONCLUSION

For the reasons explained above, the Court should grant Defendants' Motion in Limine to Exclude Evidence of Damages Not Recoverable Under DOHSA, Defendants' Motion in Limine to Exclude Evidence of Subsequent Remedial Measures, Motion to Dismiss for Lack of Jurisdiction and Motion to Determine Inapplicability of the "Pennsylvania Rule".

Respectfully submitted,

*/s/ Randall Theunissen*
Randall K. Theunissen (Louisiana Bar No. 12727)
ALLEN & GOOCH, A LAW CORPORATION
2000 Kaliste Saloom Road, Suite 400
P.O. Box 81129
Lafayette, LA 70598-1129
337.291.1240 – Telephone
337.291.1245 – Facsimile
randytheunissen@allengooch.com

       */s/ Ross Cunningham*
       Ross Cunningham
       State Bar No. 24007062
       Bryan P. Rose
       State Bar No. 24044704
       **ROSE·WALKER, L.L.P.**
       3500 Maple Avenue, Suite 900
       Dallas, Texas 75219
       Phone:  214.752.8600
       Facsimile:   214.752.8700
       rcunningham@rosewalker.com
       brose@rosewalker.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 1st day of April, 2014 via this Court's ECF filing system.

       /s/ Bryan P. Rose
       Bryan P. Rose