U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

APR 2 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JENNA LEBRON, ET AL | CIVIL ACTION 12-1901 |
| VERSUS | JUDGE HAIK |
| ENSCO OFFSHORE COMPANY, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court are numerous untimely motions filed by the defendants. According to the scheduling order issued in this case, the deadline for filing motions in limine was November 19, 2013. The defendants filed three motions in limine on March 18, 2014 and one motion in limine on March 31, 2014. Additionally, a Motion to Dismiss Certain Parties and Claims for Lack of Jurisdiction was filed on March 18, 2014. As this is a bench trial, and because the plaintiff filed expedited responses to the motions, the Court will consider them. However, the defendants are advised to follow the deadlines imposed by this court in the future.

The Motion to Dismiss Certain Parties and Claims for Lack of Jurisdiction (Doc. #84), the Motion in Limine to Exclude Evidence of Damages Not Recoverable under DOHSA (Doc. #83), and the Motion to Exclude and Strike Witnesses and Testimony Offered to Prove Unrecoverable Damages (Doc. #91) are all premised on the same argument. That is, the Commercial Aviation Accident Exception to the Death on the High Seas Act does not apply in this case making non-pecuniary damages unrecoverable.

The defendants argue that the exception does not apply because Mr. Lebron was not transporting cargo or passengers at the time of the accident and stress that the exception has never been applied where the aircraft was not transporting cargo or passengers. Plaintiffs note that Mr. Lebron's death occurred 15 miles off the coast of Louisiana in the Gulf of Mexico while he was flying a PHI helicopter under commercial contract to provide services to its customer Energy XXI. The flight was conducted under Federal Aviation Regulation provisions for commercial air taxi operations, FAR Part 135, and both PHI and the NTSB classified the incident as a commercial flight operated under Part 135. Mr. Lebron's assignment was to carry cargo to one Energy XXI platform, then fly to another to transport a passenger back to the Grand Isle base. Unfortunately, the accident occurred upon arrival at his second destination.

46 U.S.C. section 30307–Commercial Aviation accidents reads:

> (b) Beyond 12 Nautical Miles–In an action under this chapter, if the death resulted from a commercial aviation accident occurring on the high seas beyond 12 nautical miles from the shore of the United State, additional compensation is recoverable for non-pecuniary damages, but punitive damages are not recoverable.

Nothing in this pertinent section states that passengers and/or cargo must be present on the aircraft at the time of the flight in order for the exception to apply. Courts have agreed that a commercial activity is generally one that is carried on for profit. PHI provides air taxi services, for profit, using air transportation. This Court finds the work being carried out by Mr. Lebron for PHI was plainly commercial aviation. Whether he had already dropped off his cargo or picked up his passenger has no bearing on the fact that the work he was performing was commercial aviation. To say a crash upon landing to pick up a passenger is not commercial aviation, but a

crash upon take off with a passenger present would be is nonsensical. This Court will not impart restriction on the commercial aviation provisions of DOHSA which were not clearly expressed, or even implied, by Congress.

As such, this Court finds the Commercial Aviation Exception to DOHSA applies to this case and non-pecuniary damages are recoverable pursuant to the statute. Consequently, the Motion in Limine to Exclude and Strike Witnesses and Testimony Offered to Prove Unrecoverable Damages (Doc. #91) is **DENIED**; the Motion to Dismiss Certain Parties and Claims for Lack of Jurisdiction (Doc. #84) is **DENIED**; and the Motion in Limine to Exclude Evidence of Damages not Recoverable under DOHSA (Doc. #82) is **DENIED**. The Court reserves for ruling at trial a determination as to which categories of loss/damages are encompassed or allowed under the statute.

Further, given the untimeliness of the motions and the need to weigh testimony, the Court reserves until trial a ruling as on the Motion in Limine to Exclude Evidence of Subsequent Remedial Measures (Doc. #83) and the Motion to Determine Inapplicability of the Pennsylvania Rule (Doc. #85).

**THUS DONE and SIGNED** on this 2nd day of April [March], 2014.

RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF LOUISIANA**